IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEITH BENNETT-JOHNSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                              No. 11-288-DRH

**ORDER**

HERNDON, Chief Judge:

Before the Court are three motions filed by movant Keith Bennett-Johnson: 1) movant's motion for summary judgment (Doc. 12); 2) movant's motion for leave to file a supplement to his motion filed pursuant to 28 U.S.C. § 2255 (Doc. 20); and 3) movant's motion to compel equitable relief (Doc. 22).  For the reasons that follow, movant's motion for summary judgment and motion to compel equitable relief are denied, and movant's motion for leave to file a supplement to his § 2255 motion is granted.  The Court will consider movant's affidavit when it rules on the merits of movant's § 2255 motion.

Movant filed his § 2255 motion on April 11, 2011, in the United States District Court for the Central District of Illinois.  That same day, the case was transferred to this Court because this judge handled movant's underlying criminal case.  On September 9, 2011, the Court ordered the government to file a response to movant's § 2255 motion within thirty days of the date of its order.  On September 19, 2011,

movant filed a motion to "accept memorandum in support of 2255," which the Court granted that same day because movant could amend his motion as a matter of course since a response had yet to be filed.  See FED. R. CIV. P. 15(a); *Mayle v. Felix*, 545 U.S. 644, 663 (2005).  On October 7, 2011, the government filed its response to movant's § 2255 motion where it offered to order the trial transcript.

In light of that response, on October 27, 2011, the Court granted the government leave to order a transcript of the relevant trial proceedings and to supplement its response with citations to the trial transcript, along with directly addressing the alleged remarks made by defense counsel contained in movant's § 2255 motion.  The Court originally set the deadline for the government's supplement to be January 30, 2012.  On November 14, 2011, movant filed a motion for summary judgment along with a brief in support thereof (Docs. 12 & 13), contending that the government "cannot meet the burden to overcome claim of ineffective counsel and unconstitutional defense," "cannot meet the burden to overcome claim of absolute innocense," and   because the government's "answer clearly confirms claim of misconduct."

On December 28, 2011, movant filed a motion for entry of default (Doc. 14).  The next day, the Court entered an order denying movant's motion for entry of default explaining to the movant that the government was granted leave to order a transcript of the relevant trial proceedings and to supplement its response with citations to the trial transcript, and that the government's supplement was not due until January 30, 2012 (Doc. 16).

On January 24, 2012, the government filed a motion for extension of time to file a supplement to its prior response (Doc. 17), explaining that it had ordered the transcript but it had not yet received it, and that therefore the government would need additional time to file its supplement.  The next day, the Court granted the government's motion for extension of time (Doc. 17), allowing the government until February 29, 2012, to file its supplement.  On February 7, 2012, movant filed a motion for leave to file a supplement to his § 2255 motion (Doc. 20), and on February 24, 2012, the government filed its supplemental response to movant's § 2255 motion (Doc. 21).  On March 22, 2012, movant filed a motion to compel equitable affirmative relief (Doc. 22), asking the Court to grant him "Equitable Affirmative Relief as Judgment in rem affords recovery of the body and return to a free and unrestricted condition, in pursuit of happiness and a Constitutionally balanced life.  Let the Order for Immediate Release be issued upon receipt of this Motion." (Doc. 22, p. 5).

Because movant's motion for leave to file a supplement to his § 2255 motion was filed prior to the time the government's supplement to its response was filed, the Court will grant that motion and allow it to stand.  See FED. R. CIV. P. 15(a); *Mayle*, 545 U.S. at 663.  Movant's motion for summary judgment and motion to compel equitable affirmative relief, however, are clearly without merit and are denied. Movant's position is clearly not one that can be sustained on summary judgment.  In a very brief motion and memo, without any development of either material facts that are without dispute or a theory that he must prevail as a matter of law, movant

simply concludes that he is right and must prevail.  It doesn't work that way.  See FED. R. CIV. P. 55(a).  The memorandum filed in support of the motion for summary judgment makes many frivolous arguments, unsupported in the law, as well as factual arguments that are not substantiated by the record at trial or by supplements to the motion.    Ultimately, upon the development of the record, the Court may rule against movant.  Both movant's motion for summary judgment and motion to compel equitable affirmative relief are frivolous motions that do nothing more than waste this Court's time, which results in further delay in the Court actually ruling on the merits of movant's § 2255 motion.  Accordingly, movant's motion for summary judgment and motion to compel equitable affirmative relief are denied.  Should movant wish to file a reply to the government's supplement, pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings, movant shall have until May 7, 2012, to do so.

      **IT IS SO ORDERED.**

      **Signed this 4th day of April, 2012.**

David R. Herndon
2012.04.04
14:19:13 -05'00'

      **Chief Judge**
      **United States District Court**