IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEITH BENNETT JOHNSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Defendant.                                              No. 11-cv-288-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction and Background

Pending now before the Court is Johnson's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Doc. 1). The government opposes the motion (Doc. 21). Johnson filed a reply (Doc. 24). Based on the record and the applicable law, the Court **DENIES** the motion.

On July 7, 2009, a federal grand jury indicted Johnson on one count of retaliating against a federal officer by filing a false lien in violation of 18 U.S.C § 1521. On January 5, 2010, a jury found Johnson guilty. On May 6, 2010, the Court sentenced petitioner to 41 months' imprisonment to be served consecutively to a 10 month term in another case. At the sentencing hearing, Johnson was advised of his appeal rights. The Court entered a written judgment on May 10, 2010.

Rule 4(b)(1)(A) Fed. R. App. P. requires a defendant to file a notice of appeal within 14 days of the entry of the judgment, or by May 24, 2010 in

petitioner's case. Petitioner failed to file a notice of appeal timely or untimely. Instead, on September 21, 2010, Johnson filed a motion he titled "Ex Parte Motion Pro Re Nata, Pro Se." The Court ordered Johnson to address whether he intended his motion to be treated as a § 2255 petition. Johnson failed to follow the Court's directive, instead filing a letter of clarification. Subsequently, on October 29, 2010, the Court dismissed Johnson's motion for lack of jurisdiction.

On April 11, 2011, Johnson filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Johnson claimed he is being held unlawfully on three grounds: 1) he received ineffective assistance of counsel; 2) he is actually innocent of the charge for which he was convicted; and 3) the prosecutor engaged in prosecutorial misconduct. On February 24, 2012, after receiving the trial transcript, the United States filed its supplemental response to Johnson's petition.

II. **Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.

1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

However, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a

particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III.   Analysis

**Ineffective Assistance of Counsel**

Petitioner claims in his first ground that his trial counsel was ineffective for several reasons. First, Johnson alleges that his attorney apologized to the probation officer, Mr. Kistner, for Johnson's actions and any harm they caused in his closing argument. Second, Johnson claims his trial counsel failed to tell the jury that petitioner and the probation officer had a verbal contract to remove restitution by September 2008 if Johnson did not file a lien. Third, Johnson alleges his trial counsel failed to inform the jury that Johnson did not file a false lien for his probation officer's performance of an act, but rather for non-performance of an act. In Johnson's fourth reason for alleging his trial counsel was ineffective, he claims his trial counsel failed to tell the jury that the lien petitioner filed was moot because it was not filed with the Secretary of State, and therefore he did not know it was false. For his fifth reason, Johnson alleges his trial counsel was ineffective for failing to "attack or question prosecution witnesses" which he claims led to perjury by one witness and misstatements by others, as well as testimony by "irrelevant persons." Lastly, Johnson claims his

trial counsel was ineffective because he failed to use evidence "provided by the F.B.I. and the Prosecutor . . . to attack the Perjuries committed in this case."

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d

871, 877 (7th Cir. 1990). With regard to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

Johnson argues that his trial counsel apologized "for his client's actions and harm which was realized, [that] was in fact an admission by Mr. Taylor to the jury, that he believed his client to be guilty." But Johnson's trial counsel did not, in actuality, apologize to the jury for Johnson's actions. His trial counsel's words to the jury were, "Mr. Kistner [the probation officer] is an injured party in this matter." Trial counsel stated this in the context of attempting to mitigate Johnson's actions to the jury, explaining that the lien on Kistner's property was a burden that Kistner would need to get cleared up before he could sell his house, but not a criminal act with criminal intent on Johnson's part. These remarks do not demonstrate that Johnson's trial counsel believed his client to be guilty and communicated that to the jury. Furthermore, the statements certainly do not rise to the level of ineffective assistance of counsel. Petitioner fails to demonstrate that there was a reasonable probability that but for the remarks, the outcome of the trial would have been different.

As to petitioner's claim that his trial counsel was ineffective for failing to present evidence of the alleged verbal contract between Johnson and Kistner, the claim is without merit.  In order for Johnson's trial counsel to inform the jury about the alleged verbal contract in his closing argument, evidence of the alleged agreement would need to have been presented during the trial.  Although the probation officer testified during trial, he did not give any testimony concerning the alleged verbal contract.  Johnson could have testified as to the existence of a verbal contract, but he chose to exercise his right not to testify.  Thus, there was no evidence presented about the alleged contract and trial counsel could not argue to the jury about a fact not in evidence.

Johnson also claims his trial counsel was ineffective for failing to argue to the jury that petitioner did not file the false lien against Kistner because of Kistner's performance of official duties, but rather for his "non-performance" of duties.  This claim is simply a reversal of what the evidence at trial established: that petitioner filed the lien in retaliation for something Kistner did to which petitioner objected. Whether, as petitioner argues, it was because Kistner failed to cancel Johnson's restitution obligation and supervised release (non-performance of his duties), or because Kistner attempted to collect restitution and supervise petitioner's release (performance of his duties) is completely irrelevant.  Had trial counsel made this argument to the jury, there is not a reasonable probability that "the result of the proceeding would have been different."  *U.S. v. Stark*, 507 F.3d 512, 521 (7th Cir. 2007).  Thus, petitioner's claim fails on this ground as well.

Petitioner also claims his trial counsel was deficient for failing to present evidence that the lien was moot[1] because he failed to file it with the proper authority, based on the testimony of the government's expert witness. Petitioner mischaracterizes the testimony. In actuality, the expert witness never testified that the lien was moot, only that if the collateral for the lien was real property, as is the case here, it would be recorded in the County Recorder's office in the county in which the property was located. The expert further testified that the form petitioner used to file the lien with the Secretary of State's office would typically be used when personal property constituted the collateral. Moreover, the expert's testimony demonstrated that petitioner's lien created a defect in the title of Kistner's property, needing to be cured before he could sell the property. Therefore, the lien was not moot, and this claim is also without merit.

Petitioner's penultimate claim that his trial counsel was ineffective for failing to "attack or question prosecution witnesses" appears to be a broad claim that the cross-examination of several witnesses was not sufficiently vigorous. However, petitioner's scant five line paragraph fails to specify how this alleged failure led to perjury and misstatements by the witnesses. He also fails to identify the "irrelevant persons" he claims resulted from this lack of trial counsel's "attack" on witnesses. With no specific information, the Court cannot find that petitioner demonstrated any prejudice to him resulted from this allegation, nor even that the allegation was true.

---

[1] Petitioner claims his lien was "rendered mute," but the Court assumes he meant the lien was "moot" instead.

Lastly, petitioner's argument that his trial counsel was ineffective for failing to use the evidence provided by the F.B.I. and the prosecutor to "attack the [p]erjuries committed in this case" is equally without merit. Again, petitioner fails to specify what the evidence was that was provided by the F.B.I. and the prosecutor that his trial counsel failed to use. Likewise, petitioner fails to identify the perjuries he contends were committed during his trial; he fails to identify how his trial counsel could have used the unidentified evidence to attack the unidentified perjuries; and he fails to even speculate on how this would have resulted in an acquittal. Thus petitioner's argument fails on this ground. *Fountain*, 211 F.3d at 434.

Based on the above reasons, the Court finds that petitioner failed to prove on any grounds that he received ineffective assistance from his trial counsel such that a reasonable probability existed that the outcome of the proceeding would have been different.

**Actual Innocence**

In the second ground upon which Johnson claims his sentence should be vacated, he alleges actual innocence. Petitioner argues that the evidence did not prove that he filed a false lien against the probation officer as retaliation for Kistner's actions as he was charged, but that it was for Kistner's non-performance of his duties. Johnson argues that the evidence established the lien was "of no effect" because it was filed incorrectly and it "could be bonded around." The Court finds this claim is without merit.

As discussed above in petitioner's claim of ineffective assistance of counsel, the fact that the lien was filed on the incorrect form did not render it moot. The lien created a defect on the title to Kistner's house. Under 18 U.S.C. § 1521, it is a criminal offense to file a "false lien or encumbrance against the real or personal property of an individual" who is a federal law enforcement officer as retaliation for performance of official duties. The statute does not except the filing of a false lien on an improper form. As noted above, petitioner's claim that he filed the lien for "non-performance" of duties rather than for "performance" of duties is an absurd exercise of semantics.

The Court finds that petitioner failed to prove he is actually innocent of filing a false lien against Kistner under 18 U.S.C § 1521. Therefore, he is not entitled to have his sentence vacated, set aside or corrected on this ground.

**Prosecutorial Misconduct**

For his final ground upon which petitioner claims he is being held unlawfully, petitioner alleges that the prosecutor committed perjury[2] when he made statements to the jury during his closing argument that he had no knowledge of the term "natural person," when he knew "such entity does exist." As support for this allegation, petitioner claims that the prosecutor "compiled a

---

[2] Since the prosecutor was not testifying under oath, his remarks during closing argument could not possibly be perjury. Nevertheless, the Court examines this allegation.

motion (response) dated 11-26-2009,[3] whereby, it went into great detail as why such entity was not held by the Court."

For the prosecutor to have committed misconduct, Johnson must first show that the prosecutor's comments "robbed him of a fair trial." *United States v. Lathrop*, 634 F.3d 931, 940 (7th Cir. 2011). Petitioner must demonstrate that the statement he attributes to the prosecutor was not only improper, but so improper "as to constitute 'a particularly egregious error that resulted in a miscarriage of justice.'" *Id.* at 941.

In the government's response to which petitioner refers, the prosecutor refuted Johnson's claim that the United States lacked standing and the Court lacked personal jurisdiction because Johnson was a "Sovereign citizen" and a "non-juridical" entity. Additionally, during his closing argument, the prosecutor made a comment that he was not sure what petitioner's claim to be a "non-juridical entity" meant. The Court has reviewed the transcript and finds the only statement questioning the meaning of "natural person" was made by Johnson's own trial counsel in his closing argument.

Moreover, a claim of prosecutorial misconduct should have been raised on direct appeal. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). A § 2255 is not a substitute for a direct appeal. *Id.* A non-constitutional claim that could have been raised on direct appeal, but was not, is deemed waived. *Id.*

---

[3] The Court notes that there is no docket entry for November 26, 2009, but petitioner appears to be referring to a response filed October 26, 2009 in which the USA responded to a motion to dismiss the indictment that petitioner filed earlier.

To have his claim of prosecutorial misconduct considered, petitioner must demonstrate both good cause for failure to raise the claim earlier, and the actual prejudice resulting from the error he alleges. *United States v. Frady*, 456 US 152, 170 (1982). Here, petitioner claims in his petition that he failed to raise the claim previously because he "had been seriously ill both during trial and thereafter, causing movant to be hospitalized near death." However, petitioner does not provide any evidence to support this claim, nor does he demonstrate that he suffered any prejudice from the prosecutor's comments during his closing argument that he did not know what petitioner's claim to be a non-juridical entity meant. Johnson states only that "the jury, who if given the facts about such may have been able to draw a different conclusion." Yet petitioner offers no explanation of why the jury might have drawn "a different conclusion" nor what conclusion it might have drawn.

Given that the record does not support petitioner's allegations of the prosecutor's statements, let alone that it does not support the assertion that there is reasonable probability a jury would have acquitted him if not for the comments petitioner claims the prosecutor made, the Court finds no grounds to vacate, set aside or correct petitioner's sentence on this allegation.

**Evidentiary Hearing**

Finally, the Court notes that the United States, in its supplemental response to Johnson's § 2255 petition, argues that petitioner is not entitled to an evidentiary hearing. The government argues that for a hearing to be necessary on

a § 2255 petition, "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). The *Galbraith* Court held that without such an affidavit, the petitioner cannot meet the threshold requirement for an evidentiary hearing. *Id.*

Here, the Court finds that petitioner has made only allegations, some of which are contradicted by the record itself. Petitioner has not presented any proof by way of an affidavit, any references to the transcript, or any other evidence in the record to support his assertions that his trial counsel provided ineffective assistance; that he is actually innocent; or that any prosecutorial misconduct transpired. Moreover, petitioner failed to demonstrate that any of these allegations, even if true, caused him prejudice. Thus, the Court finds that petitioner is not entitled to an evidentiary hearing on his claims.

### IV. Conclusion

For the reasons stated above, the Court finds there are no errors of constitutional or jurisdictional magnitude in petitioner's case, or that any error represents a fundamental defect which inherently resulted in a complete miscarriage of justice. Accordingly, the Court **DENIES** petitioner's § 2255 petition to vacate, set aside or correct sentence (Doc. 1). The Court **DISMISSES**

**with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

    **IT IS SO ORDERED.**

Signed this 20th day of April, 2013.

David R. Herndon
2013.04.20
10:49:10 -05'00'

    **Chief Judge**
    **United States District Court**